FILED

MAR - 1 2013

CLERK, US DISTRICT COURT
NORFOLK, VA

NELSON CAMPBELL, JR.

     Plaintiff,

v.

                                         Case No.: 2:11cv563

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

     Defendant.

## AMENDED
## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

The plaintiff, Nelson Campbell, Jr., brought this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits under the Social Security Act.

This action was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), by order of reference filed December 23, 2011. For the reasons expressed herein, the Court RECOMMENDS Plaintiff's Motion for Summary Judgment be DENIED; Defendant's Motion for Summary Judgment be GRANTED; and the Commissioner's decision be AFFIRMED.

## I. PROCEDURAL BACKGROUND

On July 10, 2009, Nelson Campbell, Jr. filed an application for disability insurance benefits alleging an onset of disability as of January 2, 2009, due to a chronic obstructive pulmonary disease (COPD) and lumbago (mid and lower back pain). R.[1] 10, 102, 124. He

---

[1] "R." refers to the certified administrative record of proceedings relating to this case (ECF No. 8), filed under seal pursuant to Local Civil Rule 7(C)(1).

subsequently amended his onset of disability date to February 2, 2009. R. 10, 100-101. Mr. Campbell's application was denied initially on December 10, 2009, and on reconsideration on August 6, 2010. R. 10, 54-56, 62-64.

Mr. Campbell requested a hearing before an Administrative Law Judge ("ALJ") of the Social Security Administration, which was held on February 10, 2011. R. 18-34, 65. Prior to the hearing Mr. Campbell added his recent diagnosis of testicular cancer as a severe medical impairment. R. 99-101. Mr. Campbell was represented by his attorney, Robert W. Gillikin, II, at the hearing. R. 18-34. Mr. Campbell and vocational expert Robert Edwards testified at the hearing. *Id.*

On April 18, 2011, the ALJ issued a decision. R. 9-16. The ALJ found that Mr. Campbell was not entitled to disability insurance benefits because he was not under a disability as defined in the Social Security Act. R. 7, 17. The ALJ found Mr. Campbell capable of performing a full range of sedentary work and that, considering Mr. Campbell's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the local and national economies that he can perform. R. 13-17. On May 18, 2011, Mr. Campbell requested review of the ALJ's decision by the Appeals Council of the Office of Disability Adjudication and Review (the "Appeals Council"). R. 6. The Appeals Council denied review on August 24, 2011. R. 1-5. This makes the ALJ's decision the "final decision" of the Commissioner subject to judicial review here, pursuant to 42 U.S.C. § 405(g).[2]  20 C.F.R. § 404.981.

---

[2] Sometime after the ALJ rendered his decision, Mr. Campbell filed a second application for disability benefits, which the Commissioner allegedly granted. ECF No. 20, at p. 1. According to Mr. Campbell, the latter decision states a disability onset of one day after the ALJ's decision denying Mr. Campbell benefits. *Id.*, at 2. Mr. Campbell has not indicated when the second application was submitted, when benefits were granted, or provided documentation of the favorable decision to the Court.

Mr. Campbell brought this action seeking judicial review of the decision of the Commissioner denying his claim for disability insurance benefits. Mr. Campbell filed a complaint on October 21, 2011, which the defendant answered on December 21, 2011. ECF Nos. 3, 7. Mr. Campbell filed a motion to supplement the record and brief in support, requesting the Court consider "new and material" medical evidence in support of his request for remand under Sentence Six of 42 U.S.C. § 405(g).[3] ECF Nos. 11, 14. He also filed his motion for summary judgment with memorandum in support on the same date. ECF Nos. 12-13. The defendant filed a brief in opposition to the motion to supplement the record on February 3, 2012, ECF No. 15, and his motion for summary judgment with memorandum in support on February 16, 2012. ECF Nos. 16-17. Mr. Campbell filed a reply to the defendant's motion for summary judgment on March 7, 2012. ECF No. 18. After this case became ripe for review, Mr. Campbell filed a motion to supplement the record with new case law on November 14, 2012, asking this Court to consider the recently decided Fourth Circuit decision in *Bird v. Commissioner of Social Security*, 699 F.3d 337 (4th Cir. 2012). ECF Nos. 19-20. The Commissioner filed a response in opposition on November 21, 2012. ECF No. 16. Finally, on February 23, 2013 Mr. Campbell filed another motion to supplement the record and brief in support, this time asking the Court to consider the recently decided Seventh Circuit decision in *Hughes v. Astrue*, 2013 WL 163477 (7th Cir. 2013). As neither counsel in this case has indicated special circumstances requiring oral argument in this matter, the case is deemed submitted for decision based on the motion papers and memoranda. *See* Local Civil Rule 7(J).

## II. FACTUAL BACKGROUND

At the time of his alleged disability onset date, Mr. Campbell was forty-five years old; he

---

[3] The new and material evidence consisted of medical records from October 2011 showing that Mr. Campbell's testicular cancer had metastasized to his abdomen.

was forty-seven years old at the time the ALJ issued his decision. R. 16, 102. Mr. Campbell has a high school education. R. 16, 99. He served in the military between November 2, 1982 and April 11, 1985. R. 111. His past relevant work includes employment as a welder/iron worker. R. 16, 40, 49-50. According to vocational expert testimony, these occupations are classified as skilled jobs which are performed at the heavy exertional level.[4] R. 16, 31.

Mr. Campbell has not worked since February 2, 2009 due to his alleged disability. R. 10, 99.

## III. STANDARD FOR REVIEW OF THE COMMISSIONER'S DETERMINATION

The Commissioner held that Mr. Campbell was not under a disability within the meaning of the Social Security Act. Under 42 U.S.C. § 405(g), the scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). This Court's review of that decision is limited to determining whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam); *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a

---

[4] Under the Social Security Act, all occupations are classified as "unskilled," "semi-skilled," or "skilled" work. *See* 20 C.F.R. § 404.1568. Unskilled work requires "little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). Semi-skilled work requires

> some skills but does not require doing the more complex work duties. Semi-skilled jobs may require alertness and close attention to watching machine processes; or inspecting, testing or otherwise looking for irregularities; or tending or guarding equipment, property, materials, or persons against loss, damage or injury; or other types of activities which are similarly less complex than skilled work, but more complex than unskilled work. A job may be classified as semi-skilled where coordination and dexterity are necessary . . . .

20 C.F.R. § 404.1568(b). Skilled work requires the use of judgment in "dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. § 404.1568(c).

reasonable mind might accept as adequate to support a conclusion." *Hunter*, 993 F.2d at 34 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. *Id.* (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

The Commissioner has the duty to make findings of fact and resolve conflicts in the evidence. *Hays*, 907 F.2d at 1453 (citing *King v. Califano*, 599 F.2d 497, 599 (4th Cir. 1979)). In addition, the Commissioner has a duty "to explore all relevant facts and inquire into the issues necessary for adequate development of the record." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) (citations omitted). The Court does not conduct a *de novo* review of the evidence nor of the Commissioner's findings. *Schweiker*, 795 F.2d at 345. In reviewing for substantial evidence, the Court does not undertake to re-weigh conflicting evidence, to make credibility determinations, or to substitute its judgment for that of the Commissioner. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing *Hays*, 907 F.2d at 1456). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Commissioner (or the Commissioner's designate, the ALJ)." *Craig*, 76 F.3d at 589 (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The issue before the Court, therefore, is not whether Mr. Campbell is disabled, but whether the Commissioner's finding that Mr. Campbell is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See id.*; *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) ("[A] factual finding by an [ALJ] . . . is not binding if it was reached by means of an improper standard or misapplication of law.").

5

In addition, because Mr. Campbell alternatively seeks remand pursuant to Sentence Six of 42 U.S.C. § 405(g) on the basis of new evidence, the Court must examine whether he has made "a showing that there is new evidence which is material, and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Under Sentence Six, the reviewing court "does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). A court may grant a Sentence Six remand where (1) the evidence is neither cumulative nor duplicative of evidence submitted in a prior proceeding, *see Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991); (2) the evidence is relevant to the determination of disability at the time the claimant filed her application and the Commissioner's decision might reasonably have been different had the new evidence been considered; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant has made a general showing of the nature of the new evidence to the reviewing court, *see Miller v. Barnhart*, 64 F. App'x 858, 859 (4th Cir. 2003); *Womack v. Astrue*, 2010 WL 4874935, at *4 (E.D.Va. October 20, 2010). The plaintiff bears the burden of satisfying each of these conditions. *See Latchum v. Astrue*, 2011 WL 3489880, at *6 (W.D. Va., July 25, 2011).

## IV. THE ALJ'S DECISION

The Social Security Regulations define "disability" for the purpose of obtaining disability benefits under Title II of the Social Security Act as the inability to do any substantial gainful

activity by reason of any medically determinable physical or mental impairment[5] which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 20 C.F.R. § 404.1505(a); *see also* 42 U.S.C. § 423(d)(1)(a). To meet this definition, the claimant must have a severe impairment which makes it impossible to do previous work or any other substantial gainful activity[6] that exists in the national economy. 20 C.F.R. § 404.1505(a); *see also* 42 U.S.C. § 423(d)(2)(A).

## A. The Five-Step Sequential Analysis

The Commissioner follows a five-step sequential analysis to ascertain whether the claimant is disabled, which is set forth at 20 C.F.R. § 404.1520. *See Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). Under this process, the ALJ must determine in sequence:

(1)  Whether the claimant is engaged in substantial gainful activity (i.e., whether the claimant is working). If so, the claimant is not disabled and the inquiry is halted.

(2)  Whether the claimant has a severe impairment. If not, then the claimant is not disabled and the inquiry is halted.

(3)  Whether the impairment meets or equals the medical criteria of 20 C.F.R., Part 404, Subpart P, Appendix 1, which sets forth a list of impairments that warrant a finding of disability without considering vocational criteria. If so, the claimant is disabled and the inquiry is halted.

(4)  Whether the impairment prevents the claimant from performing past relevant work. If not, the claimant is not disabled and the inquiry is halted.

---

[5] A "physical or mental impairment" is an impairment resulting from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).
[6] "Substantial gainful activity" is work that (1) involves performing significant or productive physical or mental duties, and (2) is done (or intended) for pay or profit. 20 C.F.R. § 404.1510.

(5) Whether the claimant is able to perform any other work considering both his residual functional capacity[7] and his vocational abilities. If so, the claimant is not disabled.

In this case, the ALJ reached the fifth step of the sequence, at which point he determined that Mr. Campbell was not disabled. The ALJ first determined that Mr. Campbell had not engaged in substantial gainful activity at any time since February 2, 2009, the alleged onset date of disability. R. 12. The ALJ next found in step two that Mr. Campbell had severe impairments: COPD and lumbago. *Id.* He did not find that Mr. Campbell's testicular cancer constituted a severe impairment, finding that it was work limiting only during his surgery and immediate post-operative period. R. 12-13. In addition, the ALJ found that Mr. Campbell had an uncomplicated recovery from surgery with normal lab results following surgery regarding the presence of tumor markers. *Id.* At step three, the ALJ found that Mr. Campbell did not have an impairment or combination of impairments listed in, or medically equal to, one of the listed impairments in Appendix 1. R. 13. Specifically, with respect to Mr. Campbell's lumbago, he found that Mr. Campbell did not meet the listing at § 1.04 regarding disorders of the spine because there were minimal objective findings, including normal findings from x-rays taken of Mr. Campbell's lumbar spine taken on March 16, 2011, and because the necessary criteria, such as evidence of stenosis, arachnoiditis, positive straight leg raising tests, muscle atrophy, or sensory or reflex loss, were not present. *Id.* In addition, he found that Mr. Campbell's COPD impairment did not meet the listing at § 3.02A because the records did not include any evidence of the required test results, since Mr. Campbell's treating physician did not refer him for pulmonary function testing.

---

[7] "Residual functional capacity" is the most a claimant can do in a work setting despite the physical and mental limitations of his impairment and any related symptoms (e.g., pain). *See* 20 C.F.R. § 404.1545(a)(1).

*Id.* Finally, the ALJ noted that no acceptable medical source opined that any impairments were accompanied by findings that met the listing criteria from Appendix 1. *Id.*

## B. Residual Functional Capacity Determination

Prior to steps four and five, the ALJ determined Mr. Campbell's residual functional capacity ("RFC"), based on the ALJ's evaluation of the evidence, including testimony by the plaintiff, the findings of Mr. Campbell's treating and examining physicians, the findings of a consultative orthopedic surgeon who examined Mr. Campbell at the ALJ's instigation, and the state agency's disability determinations, rendered by non-examining physicians. R. 13-16. Based on the evidence as a whole, the ALJ determined that Mr. Campbell retained the RFC to perform a limited range of sedentary work. *Id.* The ALJ found Mr. Campbell capable of performing "the full range of sedentary work[8] as defined in 20 CFR 404.1567(a). R. 13.

In reaching a conclusion about Mr. Campbell's RFC, the ALJ considered and weighed the evidence of record, including the records and opinions of Dr. Robin N. Anderson, Mr. Campbell's family physician; Dr. Mark E. Shaves, Mr. Campbell's treating oncologist; Dr. James Collier, an orthopedic surgeon who evaluated Mr. Campbell in a physiatric examination at the direction of the ALJ five weeks after the February 10, 2011 hearing; and Drs. Patricia Carolina Longa and Leopold Moreno, state agency physicians who performed disability determination reviews.

---

[8] "Sedentary work" is defined by the regulations as work "which involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). The regulations define additional categories of "light work," "medium work," "heavy work," and "very heavy work"——each successive category embracing more physically demanding work than the preceding one. *See id.* § 404.1567(b)-(e).

The ALJ concluded that the medical records and Mr. Campbell's need for very little treatment supported his ability to perform sedentary work. R. 13. With respect to Mr. Campbell's lumbago, the ALJ found that all objective evidence produced entirely normal findings. *Id.* With respect to his COPD, the ALJ found that a sedentary work limitation would accommodate Mr. Campbell's shortness of breath and cough, and effectively eliminate the environmental irritants which precipitated Mr. Campbell's respiratory symptoms. *Id.* Dr. Anderson provided a medical source statement on January 26, 2010 concluding that Mr. Campbell's pain would interfere with his attention and concentration, limit his ability to stand, walk, and sit longer than 4 1/2 hours in an eight hour day, provoke a need to elevate his legs while sitting, lay down or take rest breaks more than three times per day. R. 15, 225-228. Dr. Anderson re-affirmed this evaluation on January 18, 2011, relating that the limitations previously identified continued to be present. R. 261-265. The ALJ gave this opinion little weight, however, finding that Dr. Anderson's records did not support these limitations based on the fact that her examinations, including neck and musculoskeletal, showed normal range of motion and normal respiratory effort. R. 13-14. Further, Dr. Anderson ordered no aggressive tests, prescribed medications that produced a good response and did not require changes, and did not refer Mr. Campbell to any specialist for treatment. *Id.*

Dr. Shaves treated Mr. Campbell for his testicular cancer, and made relevant findings regarding Mr. Campbell's medical condition. Dr. Shaves' musculoskeletal examination of Mr. Campbell was negative for focal bony pains, muscular weakness or tenderness, with no motor or sensory deficits and no pathological reflexes. R. 13-14, 259. In addition, the ALJ noted that in October 2010 an abdominal CT scan found no signs of cancer or bone abnormalities, tumor

markers were at the low end of fully normal, and Dr. Shaves described Mr. Campbell's quality of life as "good." R. 12-15, 258-260.

The ALJ also considered the physiatric consultative examination performed by orthopedic surgeon Dr. James Collier on March 16, 2010. R. 15-16. Dr. Collier provided both a medical consultant report and a medical source statement and questionnaire. R. 266-277. The ALJ noted Dr. Collier's findings, including that Mr. Campbell could sit four hours and walk two hours in an eight hour day with normal breaks, that he could lift five pounds frequently and ten pounds occasionally, and that he could bend, stoop and crouch occasionally. R. 15, 268. He also noted that Dr. Collier found Mr. Campbell had normal range of motion of his cervical spine and a slightly reduced range of motion of his thoracolumbar spine. R. 15-16, 267. With respect to the medical source statement questionnaire, the ALJ noted that Dr. Collier made inconsistent findings, including that Mr. Campbell sit and stand for two hours and walk for one hour in an eight hour day, and that those findings were not supported by objective evidence of degenerative disc disease or any other impairment that prevent Mr. Campbell from standing, sitting or walking through an eight hour day. R. 16, 272. The ALJ also noted that Dr. Collier qualified his findings on the questionnaire by stating that the limitations identified did not consider Mr. Campbell's COPD. R. 16, 276. As a result, the ALJ afforded Dr. Collier's opinion minimal weight. R. 16.

The ALJ considered the DDS medical reviewers' initial and reconsideration determinations which concluded that Mr. Campbell had the RFC to perform a limited range of light work reduced only by environmental restrictions dictated by his COPD. R. 15. Because the ALJ afforded greater weight to Mr. Campbell's reports of limitations due to his COPD and his consistent work history, the ALJ reached the more restrictive RFC of sedentary.

The ALJ also concluded that, while Mr. Campbell's medically determinable impairments

could reasonably be expected to cause symptoms, "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms [were] not credible" to the extent they were inconsistent with the RFC assessment. R. 14. In sum, the ALJ based his RFC assessment on Mr. Campbell's need for only conservative treatment for his back, his good response to medications for his COPD, his lack of dependence on others, and the absence of objective findings of structural abnormalities. R. 16. Further, having found that Mr. Campbell's testicular cancer was not a severe impairment at that time, he did not consider it in determining his RFC. R. 13.

### C. Past Relevant Work

The ALJ found in step four that Mr. Campbell was not capable of performing the functional demands of any past relevant work, as it involved skilled work at the heavy exertional level, which exceeded the sedentary work Mr. Campbell was now capable of performing. R. 16.

### D. Adjustment to Other Work

It is the claimant who bears the initial burden of proving the existence of a disability. 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512; *Smith v. Califano*, 592 F.2d 1235, 1236 (4th Cir. 1979). Once the claimant has established at step four that he cannot do any work he has done in the past because of his severe impairments, the burden shifts to the Commissioner at step five to show that jobs exist in significant numbers in the national economy which the claimant could perform consistent with his RFC, age, education, and past work experience. *Hunter*, 993 F.2d at 35; *Wilson v. Califano*, 617 F.2d 1050, 1053 (4th Cir. 1980).

The ALJ found, at the time of the alleged disability onset date, that Mr. Campbell was forty-five years old, which is defined as a "younger individual age 45-49," with a high school education and the ability to communicate in English. R. 16. The ALJ noted that Mr. Campbell's

transferability of job skills was not material pursuant to the table rules set forth in the Medical Vocational Guidelines, 20 C.F.R., Part 404, Subpart P, Appendix 2. *Id.* The ALJ found that Mr. Campbell could perform the full range of sedentary work. R. 17. According to the testimony given by a vocational expert, a significant number of jobs exist in the local and national economies for an individual of Mr. Campbell's age, education, work experience, and RFC as determined by the ALJ. R. 31-32. These jobs include bench assembler (625 positions locally, 120,000 nationally), sorter (275 positions locally, 55,000 nationally), and information clerk (590 positions locally, 118,000 nationally). *Id.* Having found a significant number of jobs to which the plaintiff is capable of making a successful adjustment, the ALJ concluded that Mr. Campbell was therefore not disabled. R. 17.

## V. ISSUES CONSIDERED ON APPEAL

Mr. Campbell asserts that the ALJ's decision is not supported by substantial evidence for several reasons. First, he alleges that Mr. Campbell's diagnosis of metastatic cancer in October 2011, six months after the ALJ's opinion, constitutes "new evidence" warranting a Sentence Six remand under 42 U.S.C. § 405(g). Plaintiff's Brief in Support of Motion for Summary Judgment ("Plaintiff's MSJ Brief") at pp. 5-8, ECF No. 13. Next, he alleges that the ALJ erred in finding that Mr. Campbell's testicular cancer was a non-severe impairment under Step 2 of the sequential analysis of disability. *Id.* at p. 9. He then contends that the ALJ erred in rejecting Mr. Campbell's credibility. *Id.* at pp. 9-10. Finally, Mr. Campbell contends that the ALJ erred in rejecting the opinions of treating physician Dr. Anderson and consultative examining physician Dr. Collier. *Id.* at p. 10.[9]

---

[9] The Court notes that, while Mr. Campbell devoted only one sentence to this argument in his brief in support of his motion for summary judgment, the Commissioner responded to this issue at length in his brief, and Mr. Campbell then provided more substantial argument in his reply.

## VI. NEW EVIDENCE

Mr. Campbell argues that the new and material evidence he proffers requires a Sentence Six remand. The evidence at issue consists of medical records from an October 17, 2011 visit to the Sentara Independence Hospital Emergency Department. Records attached to Plaintiff's Motion to Supplement the Record, ECF No. 11. According to the records, Mr. Campbell reported to the ED with complaints of lower left abdominal pain. *Id.*, at p. 4. An abdominal CT scan showed the presence of a large left para-aortic mass consistent with metastatic adenopathy. *Id.*, at p. 9. No other records or evidence was submitted.

In a subsequent pleading the Plaintiff represented that "new biopsy results show[ed] that the cancer metastasized to his bladder." Brief in Support of Motion for [sic] to Supplement the Record with New Case Law (1st Motion to Supplement). In the same pleading, the Plaintiff represented that the Commissioner found Mr. Campbell disabled on a subsequent application, with onset being the day after the ALJ's decision. *Id.* Mr. Campbell has not provided the Court with documentation of the Commissioner's favorable decision or stated any specific grounds on which it was based. He argues that were it not for *res judicata* the onset would have been earlier,[10] and therefore remand is warranted to determine when the date of onset actually occurred.[11] *Id.* He has suggested appointing a medical expert to provide this testimony pursuant

---

[10] "Pursuant to the Social Security Administration's December 30, 1999, Emergency Message 99147, a subsequent grant of benefits cannot extend earlier than the day after the prior denial. See also Social Security Administration's Hearings, Appeals and Litigation Law Manual ("HALLEX"), Volume I-5-3-17, § I.A. It is this procedure that creates the common 'day-later' change in eligibility determination." *Allen v. Commissioner of Soc. Sec.*, 561 F.3d 646, 650 n.2 (6th Cir. 2009).

[11] Although the Plaintiff appears to argue that the new evidence could warrant a Sentence Six remand "or reversal," the Commissioner correctly points out that Sentence Six provides for remand only, and is not a basis to award benefits. Defendant's Memorandum in Support of Motion for Summary Judgment, ECF No. 17, at p. 15, fn. 11 (Defendant's MSJ Brief). Plaintiff

to Social Security Ruling 83-20. *Id.* The Commissioner argues that these documents are not material to the ALJ's decision to deny benefits since they do not relate to the period of time on or before the date of the ALJ's decision, and therefore remand is not warranted. Defendant's Opposition to Plaintiff's Motion to Supplement the Record, ECF No. 15.

## VII. ANALYSIS

### A. New Evidence and Sentence Six Remand

In determining whether a Sentence Six remand is appropriate on the basis of new evidence, the Court must consider whether the additional evidence is material, and whether there is good cause for failing to incorporate such evidence into the record in a prior proceeding. 42 U.S.C. § 405(g). A court may grant a Sentence Six remand where (1) the evidence is neither cumulative nor duplicative of evidence submitted in a prior proceeding, *see Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991); (2) the evidence is relevant to the determination of disability at the time the claimant filed his application and the Commissioner's decision might reasonably have been different had the new evidence been considered; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant has made a general showing of the nature of the new evidence to the reviewing court[12], *see Miller v. Barnhart*, 64 F. App'x 858, 859 (4th Cir. 2003); *Womack v. Astrue*, 2010 WL 4874935, at *4 (E.D.Va. October 20, 2010). The evidence is proffered by Mr. Campbell is neither cumulative nor duplicative of evidence

---

appears to concede the point, arguing that "the simple and appropriate solution" is to remand under Sentence Six. Plaintiff's MSJ Brief, at p. 7.
[12] The Commissioner points out in a footnote that this fourth element is not part of test laid out in *Wilkins*, 925 F.2d at 774, but nonetheless the case from which it derives – *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) – is still good authority. Defendant's MSJ Brief, at p. 16, fn. 12). Regardless, the parties do not dispute that Mr. Campbell has made a general showing of the nature of the new evidence to the reviewing court by virtue of his Motion to Supplement the Record, ECF No. 11.

submitted in the prior proceeding, inasmuch as the metastatic carcinoma diagnosis was not made until six months after the ALJ's decision. For the same reason, good cause exists for Mr. Campbell's failure to produce the October 2011 evidence prior to the ALJ's April 2011 decision. And, Mr. Campbell has made a general showing of the new evidence to this Court. Hence, these elements have been satisfied, and the remaining question is whether the evidence is relevant to the determination of disability at the time Mr. Campbell filed his application and the Commissioner's decision might reasonably have been different had the new evidence been considered. Stated another way, the question is, was the new evidence "material"? The Commissioner argues that Mr. Campbell's October 2011 diagnosis of metastatic carcinoma is not "material" because "it does not relate to the claimant's condition prior to the date of the ALJ's April 18, 2011 decision in this claim." Defendant's MSJ Brief, at pp. 16-17. The Court agrees.

New evidence must relate to the determination of disability at the time the application was first filed, or at least before the ALJ renders his decision, and it must not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. *Szubak v. Sec'y of Health & Human Servs.*, 745 F.2d 831, 833 (3rd Cir. 1984) citing *Ward v. Schweiker*, 686 F.2d 762, 765 (9th Cir. 1982); *see also Fleshood v. Astrue*, No. 3:09CV833, 2010 WL 3893949, at *7 (E.D.Va. 2010); *Womack v. Astrue*, No. 3:10CV165, 2010 WL 4874935, at *4 (E.D.Va. 2010). The new evidence Mr. Campbell proffered showed that, as of October 2011, he suffered from metastatic carcinoma of the abdomen. It does not, however, show anything about Mr. Campbell's condition on or before the date of the Commissioner's determination. The evidence before the Commissioner regarding Mr. Campbell's cancer was that he had had surgery for testicular cancer on September 29, 2010 with

an uncomplicated recovery. R. 12. While Mr. Campbell did not undergo recommended radiation treatment post-operatively, a follow-up abdominal CT scan and laboratory tests measuring tumor markers in October 2010 were normal. *Id.* At the February 10, 2011 hearing, Mr. Campbell testified that, although he had testicular cancer, he did not "know how that would affect his ability to work." R. 27, 13. The evidence in the record clearly supported the ALJ's finding that Mr. Campbell was not severely impaired by his testicular cancer at the time of the ALJ's disability determination.

On the other hand, according to the new evidence he submitted, Mr. Campbell's cancer in October 2011 was diagnosed because he reported to a hospital emergency room complaining of abdominal pain that had started that morning. ECF No. 11, p. 4. No other history of symptoms or other indicia of the possible earlier presence of metastatic cancer is presented, other than the fact that Mr. Campbell had a history of testicular cancer. *Id.* Consequently, it is purely speculative as to whether the abdominal cancer was present six months before, in April 2011, such that it related to Mr. Campbell's condition at that point in time.[13]

Mr. Campbell suggests that such speculation could be obviated by remanding under Sentence Six and appointing a medical expert pursuant to SSR 83-20 to determine the onset date of the metastatic carcinoma. The Commissioner is correct, however, when he argues that SSR 83-20 is inapplicable here where the ALJ has not made a finding of disability. *See, e.g., Hill v. Astrue,* 2011 WL 1207232, at *12 (E.D.Va. 2011) ("[I]t is required that the ALJ find that [the claimant] suffers from disability *before* SSR 83-20 has any effect. . . . SSR 83–20 only would apply if the ALJ completed the five-step sequential analysis . . ., concluded that [the claimant] was disabled, and needed to resolve the question of onset date.") (emphasis in original) (citations

---

[13] In a subsequently pleading, Mr. Campbell represented that he has been specifically diagnosed with bladder cancer. ECF No. 20, at p. 1.

omitted). Hence, Mr. Campbell may not compensate for the dearth of evidence in the record regarding the materiality of his new evidence by relying on the provisions of SSR 83-20.

Mr. Campbell also argues that, because he presently has testicular cancer with metastasis, he "is now axiomatically disabled as he meets Listing 13.25." Plaintiff's MSJ Brief, at p. 5. While it may be true that the criteria for Listing 13.25 are met when a claimant has testicular cancer with metastasis, the question is whether the criteria were met at the time the ALJ made his disability determination. First, as discussed, the evidence does not establish that the metastasis was present on or before April 18, 2011, the date of the disability determination, such that the Listing criteria for § 13.25 were met. Second, "the mere presence of a disease or medically determinable impairment does not automatically entitle a claimant to a disability period or disability insurance benefits under the Social Security Act." *Gotshaw v. Ribicoff*, 307 F.2d 840, 844 (4th Cir. 1962). Disability is not determined by mere diagnosis, but by functional limitations caused by medically determinable impairments. 20 C.F.R. § 404.1521. *See Fagg v. Charter*, 106 F.3d 390, 1997 WL 39146, *1-*2 (4th Cir. 1997) (unpublished table decision) (holding that evidence was not material because it did not indicate that the claimant was disabled or limited by the impairment during the relevant period under consideration by the ALJ); *Szubak*, 745 F.2d at 833. Hence, the new evidence from October 2011, which reveals that Mr. Campbell's cancer had spread to the abdomen six months after the ALJ's decision in this case, does not establish that the Listing criteria were met prior to April 18, 2011.

Mr. Campbell's further argument that the Fourth Circuit's recent decision in *Bird v. Commissioner of Social Security*, 699 F.3d 337 (4th Cir. 2012), may be determinative is also unavailing. First, *Bird* involved a remand of an ALJ decision which had given less weight to the medical opinion of record from a psychologist (and a Department of Veterans Affairs disability

rating of 100%) because this evidence was rendered after plaintiff's date last insured, and thus the ALJ had held that it failed to reflect Bird's condition prior to his date last insured. The Fourth Circuit found this to be error, since the ALJ did not consider that the evidence upon which the opinions were based dated from before the date last insured. *Id.* Thus, in *Bird*, the evidence upon which the decision was based was already in the record, and was not "new evidence." Moreover, the Fourth Circuit's remand of the case was under Sentence Four of 42 U.S.C. § 405(g), and it declined to consider plaintiff's request for new evidence remand under Sentence Six, specifically because the evidence of record was not "new evidence." *Id.*, at p. 345, fn. 6. In the present case, plaintiff is seeking remand based upon evidence that did not exist prior to the ALJ's determination, not upon evidence that was improperly not considered, as in *Bird*. Hence, *Bird* does not apply.

## B. Testicular Cancer as a "Non-Severe" Impairment

Mr. Campbell next contends that the ALJ erred by finding that Mr. Campbell's testicular cancer was a non-severe impairment at Step 2 of the sequential analysis. He argues first that the establishment of "severity" is ordinarily not a difficult hurdle to overcome. Plaintiff's MSJ Brief, at p. 9, citing *Albright v. Comm'r of Soc. Sec.*, 174 F.3d 473, 478 n. 1 (4th Cir. 1999) and 20 C.F.R. § 404.1520(c). While this is true as far as it goes, Mr. Campbell still bears the burden of proving that, no later than the time of the ALJ's decision, his testicular cancer was a severe impairment. *Bowen v. Yuckert*, 482 U.S. 137, 146, fn. 5 (1987). At the least, Mr. Campbell was required to show not only that he had a diagnosed impairment, but also that he had associated functional limitations that prevented him from adequately performing work-related activities. *Petition of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990). An impairment that does not significantly limit a claimant's physical or mental abilities to do basic work activities is considered non-

19

severe. 20 C.F.R. § 404.1521(a). As discussed in Section VII.A., *supra*, the evidence before the Commissioner regarding Mr. Campbell's cancer was that he had had successful surgery for testicular cancer on September 29, 2010 with an uncomplicated recovery. R. 12. A follow-up abdominal CT scan and laboratory tests measuring tumor markers in October 2010 were normal. *Id.* At the February 10, 2011 hearing, Mr. Campbell testified that, although he had testicular cancer, he did not "know how that would affect his ability to work." R. 27, 13. The record therefore is largely silent as to any functional limitations Mr. Campbell experienced up to the time of the ALJ's decision caused by his cancer. Therefore, the ALJ properly concluded that plaintiff's testicular cancer was work limiting only during his surgery and immediate post-operative period. Inasmuch as this impairment was less than twelve months in duration and no longer imposed more than minimal limitations on Mr. Campbell's ability to work up to the time of the ALJ's determination, the ALJ properly concluded that plaintiff's testicular cancer was a non-severe impairment. R. 13.

### C. Mr. Campbell's Credibility

Mr. Campbell contends that the ALJ "erred in rejecting [his] credibility." Plaintiff's MSJ Brief, at p. 9. An ALJ's credibility determinations are to be given great weight. *Shively* v. Heckler, 739 F.2d 987, 989-990 (4th Cir. 1984); *Linkous v. Astrue*, 2011 WL 652534, *14 (E.D.Va. 2011). Mr. Campbell concedes as much. Plaintiff's MSJ Brief, at p. 10. The ALJ uses a two-step analysis in evaluating a claimant's subjective complaints. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir.1996). First, the ALJ must determine whether there is an underlying medically determinable impairment that could reasonably produce the claimant's pain or symptoms. *Id.* If the underlying impairment could reasonably be expected to produce the claimant's pain, the ALJ must then evaluate the claimant's statements about the intensity and persistence of the pain, as

well as the extent to which it affects the individual's ability to work. *Id.* at 595. The ALJ's evaluation must take into account all available evidence, including a credibility finding of the claimant's statements regarding the extent of the symptoms, and the ALJ must provide specific reasons for the weight given to the claimant's subjective statements. *Id.* at 595–96.

This Court is required to give great deference to the ALJ's credibility determinations. *See e.g. Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488–91 (1951). The Fourth Circuit has held that "[w]hen factual findings rest upon credibility determinations, they should be accepted by the reviewing court absent 'exceptional circumstances.' " *Edelco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir.1997) (internal citations omitted). Therefore, this Court's analysis is restricted to determining if the ALJ's credibility determination is supported by substantial evidence and employed the correct legal standard. *Craig*, 76 F.3d at 589. In addition, SSR 96-7p states that the evaluation of a plaintiff's subjective complaints must be based on the consideration of *all* the evidence in the record, including, but not limited to: (1) medical and laboratory findings, (2) diagnoses and medical opinions provided by treating or examining physicians and other medical sources; (3) statements from both the individual and treating or examining physicians about the claimant's medical history, treatment, response, prior work record, and the alleged symptoms' effect on the ability to work.

In this case, in support for his contention that the ALJ erred Mr. Campbell argues, in brief and conclusory fashion, that the ALJ did not consider Mr. Campbell's work history and military service, and that the ALJ erred in rejecting Dr. Anderson's and Dr. Collier's opinions.[14] In the first instance, Mr. Campbell is incorrect that the ALJ rejected his credibility. The ALJ did find

---

[14] He also makes an emotional argument that, in essence, given Mr. Campbell's "incredibly horrible life situation," he would work if he could, and there is no basis to determine that he is "a liar or an exaggerator attempting to pull the wool over the eyes of Social Security ..." Plaintiff's MSJ Brief, at pp. 9-10.

that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment."[15] R. 14. However, this is not a "rejection" of Mr. Campbell's overall credibility, but a recognition that his complaints of symptom are not consistent with inconsistent medical evidence in the record, including Mr. Campbell's good response to COPD medication, his lack of dependence on others, and the lack of objective evidence of structural abnormalities including degenerative disc disease or musculoskeletal impairment. R. 13-16. Moreover, the ALJ actually credited Mr. Campbell's credibility in giving less weight to the DDS reviewers' determination that he was capable of light work, finding: "The undersigned afforded greater weight to the claimant's reports of limitations resulting from his COPD, as Mr. Campbell had a consistent work history prior to 2009 ..." R. 15. Based on the foregoing, it is apparent the ALJ afforded Mr. Campbell less credibility with respect to his statements regarding his lumbago symptoms, and more credibility with respect to his statements regarding his COPD symptoms. Hence, Mr. Campbell's credibility was not "rejected." This is precisely the type of credibility determination that the ALJ is tasked with making. SSR 96-7p.

In addition, the ALJ clearly took into consideration Mr. Campbell's work history, as that was a supporting basis for giving his credibility greater weight with respect to his COPD symptoms. R. 15. For the reasons explained in Section VII.D., *infra*, the ALJ did not err in giving the opinions of Drs. Anderson and Collier minimal weight. A review of the ALJ's decision *in toto* demonstrates that he appropriately evaluated Mr. Campbell's credibility, and such determination is entitled to deference. *Universal Camera Corp.*, 340 U.S. at 488–91.

---

[15] While courts have criticized before the Commissioner's use of boilerplate language regarding credibility, as long as that determination is supported by contradictory medical evidence in the record, the Commissioner's decision must be affirmed. *See, e.g., Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir.2012); *Racey v. Astrue*, 2013 WL 589223, *6 (W.D.Va. 2012).

## D. Dr. Anderson's and Dr. Collier's Opinions

Mr. Campbell claims the ALJ erred in rejecting the opinions of Dr. Anderson, a treating physician, and Dr. Collier, a consultative examining physician. He argues that, since Dr. Collier examined Mr. Campbell at the direction of the ALJ, his opinion should not have been rejected. And, since Dr. Anderson's opinion is similar to Dr. Collier's, it was error for the ALJ to reject her opinion, too.

Under the regulations, the weight to which a medical opinion is entitled depends upon the extent to which the opinion is not inconsistent with the other evidence and well-supported with clinical findings. 20 C.F.R. § 404.1527(d)(3)-(4). In his decision the ALJ discussed the medical record evidence showing that Dr. Anderson's examinations, including neck and musculoskeletal, showed normal range of motion and normal respiratory effort. R. 13-15, 186, 188, 190, 192, 194. During the course of her treatment, Dr. Anderson ordered no aggressive tests, prescribed medications that produced a good response and did not require changes, and did not refer Mr. Campbell to any specialist for treatment. R. 15, 185-220.

Dr. Collier provided a medical source statement and questionnaire following his examination of Mr. Campbell. As the ALJ noted, Dr. Collier made inconsistent findings, in one place finding that Mr. Campbell could, among other things, sit for two hours and walk for one hour in an eight hour day, and in another place finding that Mr. Campbell sit for four hours and walk for two hours in an eight hour day. R. 15-16, 268, 272. Additionally, the ALJ determined those findings were not supported by objective evidence of degenerative disc disease or any other impairment that would prevent Mr. Campbell from standing, sitting or walking through an eight hour day. R. 16, 267-268. The ALJ also noted that Dr. Collier limited his findings to Mr. Campbell's lumbago and did not consider Mr. Campbell's COPD. R. 16, 276.

The ALJ also relied on other medical evidence which reflected support for his determination that Dr. Anderson's and Dr. Collier's opinions should be afforded minimal weight. Dr. Shaves, the treating oncologist, also made negative findings with respect to Mr. Campbell's musculoskeletal examination, including lack of focal bony pains, focal muscular weakness or tenderness. R. 13-14, 259. An abdominal CT scan demonstrated no signs of cancer or bone abnormalities. R. 13, 233-234. A lumbosacral spine x-ray, taken October 24, 2008 because of complaints of low back pain, showed no significant abnormality. R. 220. Another lumbosacral x-ray, order by Dr. Collier as part of his examination in March 2011, also showed no abnormalities. R. 268.

It is the Commissioner's duty to make findings of fact and resolve conflicts in the evidence. *Hays*, 907 F.2d at 1453 (citing *King v. Califano*, 599 F.2d 497, 599 (4th Cir. 1979)). Here, there were clearly conflicts in the evidence, and the ALJ made his findings based on his resolution of those conflicts. Dr. Anderson's opinion conflicted with her own treatment records, those of Dr. Shaves, and the objective medical evidence. Dr. Collier's opinion was not only inconsistent with the other medical evidence in the record, but inconsistent internally, too. Accordingly, the ALJ did not err giving minimal weight to the opinions of Drs. Anderson and Collier.[16]

The Court's review of the Commissioner's decision is limited to determining whether there is substantial evidence in the administrative record to support it. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam); *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990). After reviewing that decision and the administrative record, the Court cannot say the ALJ erred.

---

[16] Insofar as the Seventh Circuit decision in *Hughes v. Astrue*, 2013 WL 163477 (7th Cir. 2013) is fact-specific, Mr. Chamber's proffer of this non-binding authority, is unavailing.

## VIII. RECOMMENDATION

For the foregoing reasons, the Court recommends that the plaintiff's motion for summary judgment be DENIED, the defendant's motion for summary judgment be GRANTED, and the Commissioner's decision be AFFIRMED.

Also outstanding are the Plaintiff's Motion to Supplement the Record with new and material medical evidence, ECF. No. 11, and two Motions to Supplement the Record with New Case Law, ECF. Nos. 19, and 22. The Defendant filed memoranda in opposition to each Motion, ECF Nos. 15, 20, and 24, respectively. In light of the Court's finding that plaintiff's new and material medical evidence is not "material," the Court recommends that the Plaintiff's Motion to Supplement the Record, ECF. No. 11, be DENIED. Furthermore, in light of the Court's finding that the two new cases relied on by plaintiff, *Bird v. Commissioner of Social Security*, 699 F.3d 337 (4th Cir. 2012), and *Hughes v. Astrue*, 2013 WL 163477 (7th Cir. 2013), are inapplicable to the case at bar, the Court recommends that the two Motions to Supplement the Record with New Case Law, ECF Nos. 19 and 22, be DENIED.

## IX. REVIEW PROCEDURE

By copy of this Report, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1):

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within 14 days from the date of mailing of this Report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(2).

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made. *See* 28 U.S.C. § 636(b)(1);

Fed.R.Civ.P. 72(b)(3).

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
March 1, 2013

# CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Robert Wayne Gillikin, II
Rutter Mills LLP
160 West Brambleton Avenue
Norfolk, Virginia 23510
Counsel for the Plaintiff

Joel Eric Wilson
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Counsel for the Defendant

Fernando Galindo
Clerk of the Court

By: _____
Deputy Clerk
March _1_, 2013